# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PROMETHEAN INSULATION TECHNOLOGY LLC, § § § Plaintiff, § § v. § § SOPREMA, INC. (CANADA), SOPREMA, § INC. (UNITED STATES), and SOPREMA § U.S.A., INC. § § Defendants. § | Case No. 2:15-cv-00029<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for patent infringement in which Plaintiff Promethean Insulation Technology LLC ("Promethean") files this Complaint against Defendants Soprema, Inc. (Canada), Soprema, Inc. (United States), and Soprema U.S.A., Inc. (collectively "Defendants"), and alleges as follows:

## PARTIES

1.   Promethean is a Texas limited liability company having a principal place of business in Plano, TX.

2.   On information and belief, Defendant Soprema, Inc. (Canada) is a foreign corporation having a principal place of business in Drummondville, Quebec.

3.   On information and belief, Defendant Soprema, Inc. (United States) is an Ohio corporation having a principal place of business in Wadsworth, Ohio, and may be served through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. On information and belief, Defendant Soprema U.S.A., Inc. is an Ohio corporation having a principal place of business in Wadsworth, Ohio, and may be served through its registered agent, National Registered Agents, Inc., 250 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.[1]

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271, 281, 284, and 285. This Court has subject matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, directly or indirectly through subsidiaries or intermediaries, including: (i) committing at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district. For example, on information and belief, Soprema—through one of its divisions, Resisto–offers for sale and sells infringing reflective insulation through its regional office, located in this District.

7. Venue is proper in this Court under Title 28 United States Code §§ 1391 (b) and (c) and 1400(b). On information and belief, each Defendant has committed and/or induced and/or contributed to acts of patent infringement in this district.

---

[1] Soprema, Inc. (Canada), Soprema, Inc. (United States), and Soprema U.S.A., Inc. will be collectively referred to as "Soprema."

## THE PATENT

8. On January 20, 2015, United States Patent No. 8,936,847 ("the '847 patent"), titled "Metallized Polymeric Film Reflective Insulation Material," was duly and legally issued. A true and correct copy of the '847 patent is attached as **Exhibit A**.

9. Promethean is the sole owner of all substantial rights in the '847 patent, including the exclusive rights to grant sublicenses to the patent and to file lawsuits and collect damages for past, present and future infringement of the patent against the Defendants.

## THE PATENTED INVENTION

10. The patent-in-suit is directed to metallized polymeric film reflective insulation materials.

11. Regarding surface burning characteristics, reflective insulation materials are classified based on the measurement of two criteria—the rate at which a flame propagates ("the flame spread index"), and the rate at which smoke propagates ("the smoke developed index"). For example, it is recognized in the reflective insulation and radiant barrier industries that materials measured to have a flame spread index 0–25 and a smoke-developed index 0–450 are given a Class A certification.

12. The reflective insulation and radiant-barrier industry-recognized method for measuring the flame spread index and the smoke developed index involves installing the materials inside a tunnel and then setting them on fire to observe how they react. This method is set forth in ASTM International standard E84 and is often referred to as "the tunnel test" or "the Steiner tunnel test," after Albert J. Steiner, the gentleman who developed the test.

13.     Prior to September 2009, under the tunnel test, the standard method for installing materials that consisted of membranes or thin laminates inside the tunnel during the tunnel test involved the use of poultry netting (or "chicken wire") to physically support the materials.

14.     As early as 2005, it was widely known among members of the reflective insulation and radiant barrier industries—represented by the Reflective Insulation Manufacturers Association ("RIMA")—that the safety of metal foil reflective insulation and radiant barrier products were being questioned by their competitors, namely manufacturers of fiberglass insulation products—represented by the North American Insulation Manufacturers Association ("NAIMA").

15.     In particular, NAIMA questioned the poultry netting method of mounting flexible materials as not being consistent with "real world" conditions.  NAIMA had tested the flexible material unsupported in the tunnel, i.e., without the use of poultry netting.  The unsupported materials did not meet the Class A certification criteria, causing NAIMA to conclude that testing the materials with poultry netting enhanced the results of the tunnel test, essentially creating a false sense of security.

16.     With the testing methods being criticized, the reflective insulation and radiant barrier industries were concerned with finding a way to achieve Class A certification under the tunnel test, using a method of mounting that did not include poultry netting.

17.     Concerned with attaining Class A certification without the use of poultry netting, Furio Orologio—president and CEO of Covertech Fabricating, Inc. ("Covertech")—experimented with testing a variety of flexible materials and, in particular, metal foil adhered to polymeric film as early as the spring of 2005.

18. Through his testing, Mr. Orologio discovered that there is a difference in the degree of fire resistant property of metallized polymeric film on one hand and metal foil on the other.

19. Through experimentation, Mr. Orologio discovered that metallized polymeric film met Class A certification requirements under the tunnel test without the use of poultry netting as a method of mounting.

20. Mr. Orologio's test results were surprising—metallized polymeric film consists of components that were generally thought to be flammable, and the metal foil was generally thought to be non-flammable.

21. Mr. Orologio's discovery was a significant and important technical and commercial advance.

22. At a time of industry concern, it was Mr. Orologio who discovered the surprising and unexpected advantage of using a metallized polymeric film as a substitute for a metal foil arrangement.

23. Prior to Mr. Orologio's invention, it was not recognized in the reflective insulation or radiant barrier industries that products using metallized polymeric film met Class A standards under the tunnel test without the use of poultry netting as a method of mounting.

24. The inventions claimed in the patent-in-suit are directed to various materials satisfying Class A certification (i.e., a flame speed rating value of 0 to 25 and a smoke developed rating value of 0 to 450) as required by industry standards set forth, e.g., in ASTM E 84-09 and all versions thereafter.

## INFRINGEMENT OF THE '847 PATENT

25. Defendants, on information and belief, make, use, sell, or offer to sell the accused products that infringe at least claim 1 of the '847 patent.

### **Direct Infringement by Defendants**

26. Promethean incorporates by reference paragraphs 1–25 above as if fully set forth below.

27. On information and belief, Defendants are directly infringing the '847 patent. Defendants' direct infringements include making, using, selling, or offering to sell, within the United States, various insulation materials that infringe at least claim 1 of the '847 patent. Defendants are thus liable for infringement of at least claim 1 of the '847 patent pursuant to 35 U.S.C. § 271(a).

28. Defendants have profited through direct infringement of the '847 patent. As a result of Defendants' unlawful infringement of the '847 patent, Promethean has suffered and will continue to suffer damage. Promethean is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

29. At least as early as the date of being served with the complaint in this case, Defendants had actual knowledge of the claims of the '847 patent.

30. At least since Defendants' knowledge of the '847 patent, Defendants' infringement of the '847 patent is willful and deliberate, entitling Promethean to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this case under 35 U.S.C. § 285.

## Inducement of Infringement by Defendants

31. Promethean incorporates by reference paragraphs 1–30 above as if fully set forth below.

32. At least as early as the date of being served with the complaint in this case, Defendants had actual knowledge of the claims of the '847 patent.

33. At least as early as the date of being served with the complaint in this case, Defendants were willfully blind towards the existence of the '847 patent.

34. Since becoming aware of the '847 patent, Defendants have continued to intentionally, actively, and knowingly advertise about, import, export, sell, offer to sell, lease, and/or offer to lease one or more of the accused products through their websites, retailers, resellers, and distributors.

35. Since becoming aware of the '847 patent, Defendants' advertising and sales of one or more of the accused products have intentionally, actively, knowingly, and willfully contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, prevail on, move by persuasion, cause, and/or influence the public, Defendants' distributors, Defendants' retailers, Defendants' customers, and/or website users to use, sell and/or offer to sell products that infringe at least claim 1 of the '847 patent.

36. Since becoming aware of the '847 patent, Defendants have been willfully blind, have known, or should have known that the public's, the distributors', the retailers', the customers', and/or the website users' acts related to the Defendants' accused products directly infringe at least claim 1 of the '847 patent.

37. For example, Defendants' inducements include knowingly inducing their customers and/or retailers to use, sell and/or offer to sell products that infringe at least claim 1 of the '847 patent. Through their website, Defendants offer and provide training and service support to their customers and/or retailers. On information and belief, since becoming aware of the '847 patent, through providing support to their customers and/or retailers, Defendants have known that theirs customers and/or retailers are directly infringing at least claim 1 of the '847 patent. On information and belief, despite having this knowledge of infringement, Defendants have continued to encourage its customers and/or retailers infringe at least claim 1 of the '847 patent.

38. For these reasons, Defendants are liable for inducing infringement of at least claim 1 of the '847 patent under 35 U.S.C. § 271(b).

39. Defendants have profited through inducing infringement of the '847 patent. As a result of Defendants' unlawful infringement of the '847 patent, Promethean has suffered and will continue to suffer damage. Promethean is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

40. At least since Defendants' knowledge of the '847 patent, Defendants' inducement of infringement of the '847 patent is willful and deliberate, entitling Promethean to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this case under 35 U.S.C. § 285.

### Contributory Infringement by Defendants

41. Promethean incorporates by reference paragraphs 1–40 above as if fully set forth below.

42. At least as early as the date of being served with the complaint in this case, Defendants had actual knowledge of the '847 patent.

43. At least as early as the date of being served with the complaint in this case, Defendants were willfully blind towards the existence of the '847 patent.

44. Since becoming aware of the '847 patent, Defendants have intentionally, actively, and knowingly offered to sell or sold the accused products within the United States or imported the accused products into the United States.

45. By selling, offering to sell, and/or importing into the United States one or more of the accused products and the components thereof, Defendants have contributed to infringement by the public, the distributors, the retailers, the customers and the website users who import, export, make, use, sell, offer to sell, lease, and/or offer to lease one or more of the accused products that directly infringe at least claim 1 of the '847 patent.

46. Since becoming aware of the '847 patent, Defendants have been willfully blind, have known, or should have known that the accused products are especially made and/or especially adapted for uses that infringe at least claim 1 of the '847 patent.

47. The accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

48. Since becoming aware of the '847 patent, Defendants have been willfully blind, have known, or should have known that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

49. For these reasons, Defendants are a contributory infringer of at least claim 1 of the '847 patent.

50. Defendants have profited through contributory infringement of the '847 patent. As a result of Defendants' unlawful infringement of the '847 patent, Promethean has suffered and will continue to suffer damage. Promethean is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

51. Defendants' contributory infringement of the '847 patent is willful and deliberate, entitling Promethean to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Promethean prays for the following relief against Defendants:

A. A judgment that Defendants have directly infringed the '847 patent;

B. A judgment that Defendants have induced others to infringe the '847;

C. A judgment that Defendants have contributed to the infringement of the '847;

D. An award of all damages recoverable under the laws of the United States in an amount to be proven at trial;

E. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants as a result of Defendants' willful infringement;

F. A judgment and order requiring Defendants to pay Promethean pre-judgment and post-judgment interest on the full amounts of the damages awarded;

G. A judgment and order requiring Defendants to pay the costs of this case (including all disbursements) and attorneys' fees provided by 35 U.S.C. § 285, with prejudgment interest; and

H. Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: January 20, 2015                              Respectfully submitted,


                                                    */s/ Danny L. Williams*
                                                    Danny L. Williams (Lead Attorney), Texas Bar No. 21518050
                                                    Brian K. Buss, Texas Bar No. 00798089
                                                    Matthew R. Rodgers, Texas Bar No. 24041802
                                                    Christopher N. Cravey, Texas Bar No. 24034398
                                                    David K. Wooten, Texas Bar No. 24033477
                                                    Drew Kim, Texas Bar No. 24007482
                                                    Leisa Talbert Peschel, Texas Bar No. 24060414
                                                    **WILLIAMS MORGAN, P.C.**
                                                    10333 Richmond Avenue, Suite 1100
                                                    Houston, Texas 77042
                                                    Telephone: (713) 934-7000
                                                    Facsimile: (713) 934-7011
                                                    danny@wmalaw.com
                                                    bbuss@wmalaw.com
                                                    mrodgers@wmalaw.com
                                                    cravey@wmalaw.com
                                                    dwooten@wmalaw.com
                                                    dkim@wmalaw.com
                                                    lpeschel@wmalaw.com

                                                    ***Attorneys for Plaintiff***